

SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 18 2020
ARTHUR JOHNSTON
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN/~~NORTHERN~~ DIVISON

**LARENDA J. HARRISON, Ed.D.**                                   **PLAINTIFF**

v.                                                CAUSE NO.: 5:20cv136 KS-MTP

**BROOKHAVEN SCHOOL DISTRICT**
**CITY OF BROOKHAVEN, MISSISSIPPI**                              **DEFENDANT**

## COMPLAINT

### JURY TRIAL DEMANDED

COMES NOW, Plaintiff, LaRenda J. Harrision, Ed.D., and files her Complaint against Defendant Brookhaven School District (City of Brookhaven, Mississippi), and states as follows:

### I. NATURE OF ACTION

1. Plaintiff, LaRenda J. Harrison, Ed.D., brings this employment discrimination action on the basis of race and sex discrimination, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e) et. seq. ("Title VII") and 42 U.S.C. § 1981 ("Section 1981"). The Plaintiff brings her claim of retaliation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 (e) et. seq.

2. Defendant, Brookhaven School District, denied Plaintiff funds to pay for career development training.

### II. PARTIES

3. Plaintiff, LaRenda J. Harrison (hereinafter referred to as "Plaintiff" or "Dr. Harrison"), is an African American female residing in Brookhaven, Mississippi.

4. Defendant, Brookhaven School District (Brookhaven, MS) (hereinafter referred to as "Defendant"), is a municipal corporation, organized and existing under and by virtue of the laws of the State of Mississippi. The Defendant is subject to suit pursuant to Miss. Code Ann. § 11-46-5 and 11-46-7 and may be served with process through its Mayor.

### III.   JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction over this Complaint pursuant to 42 U.S.C. § 2000d-7 and 28 U.S.C. § 1331 because this action arises under the laws of the United States.

6. Venue is proper in the United States District Court for the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b) because all of Defendants' actions and omissions that are giving rise to the claims in this Complaint occurred in the State of Mississippi.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Dr. Harrison's Discrimination Charge was first submitted to the Equal Employment Opportunity Commission (EEOC) on or about September 17, 2019. See, Exhibit "A"

8. On February 19, 2020, the EEOC issued the Notice of Right to Sue. See, Exhibit "B"

9. This Complaint is filed within ninety (90) days of Dr. Harrison's receipt.

10. The Plaintiff has satisfied all applicable administrative and procedural prerequisites.

### V.   FACTUAL ALLEGATIONS

11. The Mississippi School Board Association Prospective Superintendent's Leadership Academy is a professional development program that the Defendant established a

precedent of paying for every employee's fees after the employee was accepted to attend the program.

12.     The Plaintiff had been working for six years at the district level in a position that was considered to be an executive level of leadership, which was under the direct supervision of the superintendent, and it was considered to be one of the four qualifying criteria for applying to be and/or assuming a superintendent position in the state of Mississippi.

13.     Dr. Harrison consulted Deputy Superintendent Roderick Henderson and inquired specifically if the district would pay for her training. He inquired the same of Superintendent Ray Carlock. Mr. Henderson, on or about, March 26, 2019, informed Dr. Harrison that if she got accepted, the district would pay for her training. This was even noted on Dr. Harrison's initial application which indicated that the district would pay for the training. See, Exhibit "C."

14.     Unfortunately, Superintendent Carlock reneged once he learned Dr. Harrison had been accepted into the program.

15.     Dr. Harrison met all of the criteria to have her training funded by the Defendant just like the equally situated white employees that previously had their fees paid by the Defendant after they were accepted into the training program.

## VI.     STATEMENT OF CLAIMS

### COUNT I:     RACE DISCIMINATION

16.     Plaintiff re-alleges and incorporates each and every allegation of this Complaint.

17.     The Defendant discriminated against Dr. Harrison on account of race by denying her funds to pay for her career development training.

18.     Dr. Harrison was qualified to have her career development training funded by the Defendant.

19. Dr. Harrison requested to have her training funded by the Defendant and was, in fact, told that it would be.

20. Dr. Harrison continued to request for her funding so that she could become a superintendent.

21. The Defendant never funded Dr. Harrison's training because of her race and Dr. Harrison at her own expense funded her enrollment into the program and she completed the program successfully. Dr. Harrison had to pay the fees personally and request time from work to attend the training since the Defendant had refused to fund her training to be a superintendent.

22. Accordingly, the denial violated both Title VII and Section 1981.

23. As a result of the denied equal opportunity, Dr. Harrison was harmed.

24. Defendant's actions of denying Dr. Harrison funding were deliberate, willful, malicious, reckless, and imposed in callous disregard of Harrison's Title VII and §1981 rights.

## COUNT II:   SEX DISCIMINATION

25. Dr. Harrison re-alleges and incorporates each and every allegation of this Complaint.

26. The Defendant discriminated against Dr. Harrison on account of her sex by denying her funds to pay for her career development training.

27. Dr. Harrison was qualified to have her career development training funded by the Defendant.

28. Dr. Harrison requested to have training funded and was, in fact, told that it would be.

29. Dr. Harrison continued to request that her training would be funded by the Defendant so that she could become a superintendent.

30. Defendant never funded Dr. Harrison's training because of her sex.

31. Accordingly, the denial violated both Title VII and Section 1981.

32. As a result of the denied equal opportunity, Dr. Harrison was harmed.

33. Defendant's actions of denying Dr. Harrison funding were deliberate, willful, malicious, reckless, and imposed in callous disregard of Harrison's Title VII and §1981 rights.

## COUNT III: VIOLATION OF SECTION 1981

34. Dr. Harrison re-alleges and incorporates each and every allegation of this Complaint.

35. The intentional acts of the Defendant in refusing to pay for Plaintiff's career training so that the Plaintiff can be promoted to a higher position deprived her of advancement which is enjoyed by White people. The Defendant acted with malicious, willful or reckless disregard for the Plaintiff's rights as protected by 42 U.S.C. §1981.

## COUNT IV: RETALIATION

36. Plaintiff re-alleges and incorporates each and every allegation of this Complaint.

37. The Defendant retaliated against Dr. Harrison because she was previously involved in an EEOC complaint against the Defendant.

38. The Defendant retaliated against Dr. Harrison by refusing to fund her career development training fees even though Dr. Harrison was qualified to have her career development training funded by the Defendant.

39. Accordingly, the denial of these funds to Dr. Harrison violated Title VII and as a result of this denial, Dr. Harrison was harmed.

## VII. PRAYER FOR RELIEF

**WHEREFORE, the Plaintiff, Dr. Harrison, prays that the Court grant her the following relief:**

(a) Funding for career development training;

(b) Compensatory damages, in an amount to be determined by the jury in accordance with the proof at trial, for the emotional and consequential harms—including tax liabilities inflicted upon Dr. Harrison on account of the necessity of bringing this action-- caused by Defendant;

(c) Punitive damages based on the retaliatory conduct of the Defendant;

(d) Prejudgment and post judgment interest;

(d) Reasonable attorneys' fees, expenses and costs; and

(e) Such other relief as the court shall deem just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands that this case be tried by a jury.


Respectfully submitted,


*/s/ LaRenda J. Harrison, Ed.D.*
LaRenda J. Harrison, Ed.D.