IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

LARENDA HARRISON                                                    PLAINTIFF

v.                                          CIVIL ACTION NO. 5:20-cv-136-TBM-MTP

BROOKHAVEN SCHOOL DISTRICT,
CITY OF BROOKHAVEN                                                  DEFENDANT

## MEMORANDUM OPINION AND ORDER

This civil rights action is before the Court on the Motion [8] to Dismiss and the Motion [20] for Judgment on the Pleadings filed by Defendant, Brookhaven School District. A hearing was held in this matter on August 25, 2021.

Plaintiff has sued her employer for reimbursement of approximately $2,000 in training expenses. The Plaintiff alleges that her employer's failure to reimburse her for the costs to attend a career development program was an act of discrimination and retaliation. The Court finds that all of the Plaintiff's claims against Brookhaven School District are dismissed, as Plaintiff's claims do not qualify as an adverse employment action.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 17, 2019, Dr. Larenda Harrison filed a charge [1-1] of discrimination with the Equal Employment Opportunity Commission (EEOC). The charge form contains a number of boxes that allow a claimant to choose different types of discrimination.[1] Dr. Harrison—who

---

[1] The form includes boxes for the filer to indicate that he or she suffered discrimination because of the following: race, color, sex, religion, national origin, retaliation, age, disability, genetic condition, or other.

describes herself as an African-American female—checked two boxes, indicating that she suffered from race and sex discrimination. Notably, Dr. Harrison did not check the box indicating retaliation. In the "particulars" field on the from, Dr. Harrison described an incident where she "was denied funds to pay for career development training" while three males were compensated for attending the training. [1-1].

On May 18, 2020, Dr. Harrison filed a Complaint [1] against the Brookhaven School District for violation of her civil rights under Title VII and 42 U.S.C. § 1981. Dr. Harrison alleges she was discriminated against on the basis of her race and sex when Brookhaven School District did not pay for her training to attend the Mississippi School Boards Association Prospective Superintendent's Academy. This academy is a year-long program designed to prepare an attendee to become a Superintendent, which is the highest position within a school district. It is undisputed that Brookhaven School District allowed Dr. Harrison to attend this training and that Brookhaven School District informed Dr. Harrison that it would "pay for the training" if she waited two years to attend. [1-1]. Dr. Harrison alleges that she met all of the criteria to have her training immediately "funded by the Defendant just like the equally situated white employees that previously had their fees paid by the Defendant." [1] at pg. 3. Additionally, Dr. Harrison claims in her Complaint that Brookhaven School District retaliated against her "by refusing to fund her career development training fees even though [she] was qualified to have her career development training funded by the Defendant." *Id*. at pg. 5. Dr. Harrison further alleges that Brookhaven School District "retaliated against [her] because she was previously involved in an EEOC complaint against the Defendant." *Id.*

On October 15, 2020, Brookhaven School District filed a Motion [8] to Dismiss the retaliation claim for Dr. Harrison's alleged failure to exhaust her administrative remedies. Since Dr. Harrison did not include an allegation of retaliation in her EEOC charge, Brookhaven School District asserts that this claim must be dismissed. In her Response, Dr. Harrison states that she "made a retaliation claim indirectly" by stating in her charging document that she was denied funds to pay for the training and had to pay for it herself. [14] at pg. 2.

On June 1, 2021, Brookhaven School District filed a Motion [20] for Judgment on the Pleadings, seeking to dismiss Plaintiff's claims in their entirety. Brookhaven School District argues that all of Dr. Harrison's claims must be dismissed because the failure to pay for training does not constitute an adverse employment action, an essential element of racial and gender discrimination claims — as well as retaliation claims. In her Response, Dr. Harrison asserts that "an adverse employment action occurred because the Plaintiff was not allowed to have her training paid for and this was done in retaliation for her previous EEOC complaint." [24] at pg. 5.

## RELEVANT STANDARDS

"The pleading standards for a Rule 12(b)(6) motion to dismiss are derived from Rule 8 of the Federal Rules of Civil Procedure, which provides, in relevant part, that a pleading stating a claim for relief must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). The Fifth Circuit has explained the *Iqbal/Twombly* standard as follows:

> In order for a claim to be plausible at the pleading stage, the complaint need not strike the reviewing court as probably meritorious, but it must raise 'more than a sheer possibility' that the defendant has violated the law as alleged.  The factual allegations must be 'enough to raise a right to relief above the speculative level.'

*Oceanic Expl. v. Phillips Petroleum Co. ZOC*, 352 F. App'x 945, 950 (5th Cir. 2009) (citing *Twombly*, 550 U.S. at 570).

Although the Court need not "accept as true conclusory allegations or unwarranted deductions of fact," dismissal is appropriate on a motion for judgment on the pleadings only "when it is clear that the plaintiff can prove no set of facts in support of [her] claim that would entitle [her] to relief." *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).  "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Hughes v. Tobacco Inst. Inc.*, 278 F.3d 417, 420 (5th Cir. 2001) (citing *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir. 1988)).  "The issue is not whether the plaintiff[] will ultimately prevail, but whether [she is] entitled to offer evidence to support [her] claims." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c).  "A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.* 528 F.3d 413, 418 (5th Cir. 2008) (citing *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2001)).

## MOTION FOR PARTIAL DISMISSAL PURSUANT TO RULE 12(b)(6)

The Court will first address Brookhaven School District's Motion [8] for Partial Dismissal Pursuant to Rule 12(b)(6).

"Title VII . . . provides for private causes of action arising out of employment discrimination and gives federal courts subject matter jurisdiction to resolve such disputes." *Ernst v. Methodist Hosp. Sys.*, 1 F.4th 333, 337 (5th Cir. 2021) (quoting *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 303 (5th Cir. 2018), *aff'd*, --- U.S. ---, 139 S. Ct. 1843, 204 L. Ed. 2d 116 (2019)). "Before suing, a plaintiff must exhaust administrative remedies by filing a charge with the EEOC within 180 days of the discriminatory action." *Ernst*, 1 F.4th at 337 (citing *Davis*, 893 F.3d at 300) (citing 42 U.S.C. § 2000e-5(e)(1)). "To exhaust, a plaintiff must file a timely charge with the EEOC and then receive a notice of the right to sue." *Ernst*, 1 F.4th at 337 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002)). Administrative exhaustion exists "to facilitate the [EEOC's] investigation and conciliatory functions and to recognize its role as primary enforcer of anti-discrimination laws." *Id.* (quoting *Filer v. Donley,* 690 F.3d 643, 647 (5th Cir. 2012)).

"Ordinarily, an employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not 'reasonably be expected to grow out of the charge of discrimination.'" *Filer*, 690 F.3d at 647 (citing *Pacheco v. Mineta*, 448 F.3d 783, 789 (5th Cir. 2006) (internal citations omitted)). To satisfy exhaustion, a claim generally must arise out of the plaintiff's EEOC charge. *Filer*, 690 F.3d at 647; *but see Federal Express Corp. v. Holowecki*, 552 U.S. 389, 405-07, 128 S. Ct. 1147, 170 L. Ed. 2d 10 (2008) (finding that a sufficiently detailed and verified intake questionnaire sufficed as a charge under the ADEA). "That requirement relates to a key purpose of an employment discrimination charge, which is to

give the employer notice of the existence and general substance of the discrimination allegations." *Ernst*, 1 F.4th at 337 (citing *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 878 (5th Cir. 2003)).

In this case, it is undisputed that Dr. Harrison checked the boxes on the EEOC charge form to indicate that she was alleging discrimination based on "race" and "sex." It is equally undisputed that Dr. Harrison *did not* check the "retaliation" box. In her Response [14], Dr. Harrison argues that she "indirectly" made a retaliation claim "in her initial charging document by alleging that her Superintendent training was not paid for because she did not comply with the Superintendent's wishes to wait two years to attend." [14] at pg. 2. She further states that she alleged retaliation in her Complaint "based on the fact that she had previously made an EEOC claim against the Defendant and the Defendant retaliated against her by not paying for her Superintendent training." *Id*. at pg. 3.

The Court finds that Dr. Harrison's retaliation charge was not reasonably expected to "grow out of the charge[s] of discrimination." *Filer*, 690 F.3d at 647; *see also Lavigne v. Cajun Deep Found., L.L.C.*, 654 F. App'x 640, 648 (5th Cir. 2016) (finding retaliation charge did not grow out of discrimination charge where plaintiff did not check the box for retaliation on the EEOC form and did not otherwise allege retaliation claim); *Teffera v. N. Tex. Tollway Auth.*, 121 F. App'x 18, 21 (5th Cir. 2004) (affirming district court's dismissal of retaliation claim where plaintiff marked "retaliation" on pre-charge EEOC form but failed to do so on EEOC charge form). The only charges of which Brookhaven School District received notice were Dr. Harrison's allegations of racial and sexual discrimination. Dr. Harrison clearly marked the boxes on the EEOC charge form indicating discrimination based on "race" and "sex," but she left the "retaliation" box unmarked. Additionally, Dr. Harrison did not mention retaliation in the "particulars" section of the EEOC

charge form.  Finally, the first mention of retaliation based on a prior EEOC charge was in Dr. Harrison's Complaint filed in this Court.  Therefore, Dr. Harrison has failed to exhaust her administrative remedies before the EEOC, and her retaliation claim is dismissed.[2]

## MOTION TO DISMISS PURSUANT TO RULE 12(c)

Even if Dr. Harrison had exhausted her administrative remedies on the retaliation claim, which this Court finds she did not, the Court will address the retaliation claim under the Rule 12(c) Motion to Dismiss, as this Motion is dispositive of the entire case.  Dr. Harrison's Complaint asserts that Brookhaven School District's refusal to reimburse her for training expenses violated Title VII of the Civil Rights Act and 42 U.S.C. § 1981.  Dr. Harrison claims that she was discriminated against based on her race and sex, and that Brookhaven School District retaliated against her by "refusing to fund her career development training fees." [1] at pg. 5.

Dr. Harrison's claims of discrimination are brought through the vehicles of Title VII and 42 U.S.C. § 1981, and her claim of retaliation is brought pursuant to Title VII.  Both discrimination and retaliation claims under Title VII are subject to the *McDonnell Douglas* burden-shifting framework.  *See Brown v. Wal-Mart Stores E., L.P.*, 969 F.3d 571, 577 (5th Cir. 2020); *Harville v. City of Houston, Miss.*, 945 F.3d 870, 875 (5th Cir. 2019).  Under this framework, Dr. Harrison has

---

[2] Brookhaven School District seeks dismissal of Dr. Harrison's retaliation claim *with prejudice* for failure to exhaust her administrative remedies with the EEOC.  At one time, dismissal *without prejudice* was the proper remedy when a plaintiff did not exhaust her administrative remedies with the EEOC. *Atkins v. Kempthorne*, 353 F. App'x 934, 937 (5th Cir. 2009) (finding where a plaintiff failed to exhaust administrative remedies with the EEOC, that dismissal is without prejudice based on lack of subject matter jurisdiction).  However, it is clear that the Court no longer conducts a 12(b)(1) subject matter jurisdiction analysis in Title VII failure to exhaust cases. *Fort Bend Cnty., Tex. v. Davis*, --- U.S. ---, 139 S. Ct. 1843, 1850-51, 204 L. Ed. 2d 116 (2019).  As a result of the Supreme Court's holding that failure to exhaust administrative remedies in Title VII is not a jurisdictional issue, it is unclear whether dismissal for failure to exhaust continues to be a dismissal without prejudice under Rule 12(b)(6).  However, as is discussed below, there is no set of facts under which Dr. Harrison can prevail in this case.  Since Dr. Harrison cannot show that Brookhaven School District's refusal to reimburse her for training expenses was an adverse employment action, an element of both discrimination and retaliation claims, the retaliation claim is dismissed with prejudice.

the initial burden to establish a prima facie case of discrimination —she must produce evidence that she (1) is a member of a protected class, (2) was qualified for the position that she held, (3) was subject to an adverse employment action, and (4) was replaced by someone outside of her protected class or treated less favorably than other similarly-situated employees who were not in her protected class.[3] *Harville*, 9145 F.3d at 874-75 (citing *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017)).  To establish a prima facie case of retaliation, Dr. Harrison must establish that (1) she participated in an activity protected by Title VII, (2) her employer took an adverse employment action against her, and (3) a causal connection exists between the protected activity and the adverse employment action.  *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (citing *Banks v. E. Baton Rouge Par. Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003)).

While it is undisputed that Dr. Harrison is a member of a protected class, as an African-American female, this motion hinges on whether Brookhaven School District's refusal to reimburse Dr. Harrison for her training fees constitutes an adverse employment action.  In the Fifth Circuit, adverse employment actions include only "ultimate" employment decisions. *Thompson v. City of Waco*, 764 F.3d 500, 503-04 (5th Cir. 2014).  Title VII was designed to address "*ultimate* employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions."  *Welsh v. Fort Bend Indep. Sch. Dist.*, 941 F.3d 818 (5th Cir. 2019) (quoting *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995)). "[A]n employment action that 'does not affect job duties, compensation, or benefits' is not an

---

[3] While Dr. Harrison brings her discrimination claims under Title VII and Section 1981, the Court refers "only to Title VII, because 'when used as parallel causes of action, Title VII and Section 1981 require the same proof to establish liability,' and 'it would be redundant to refer to both of them.'" *Outley v. Luke & Assocs., Inc.* 840 F.3d 212, 216 n.3 (5th Cir. 2016) (quoting *Schackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n.2 (5th Cir. 1999)).

adverse employment action." *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282 (5th Cir. 2004) (quoting *Banks*, 320 F.3d at 575).

Actionable adverse employment actions are generally limited to tangible employment actions that constitute a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761, 118 S. Ct. 2257, 141 L. Ed. 2d 633 (1998); *see Robison v. Tex. Dep't of Crim. Just.,* 94 F. App'x 225, 228 (5th Cir. 2004) (affirming district court's grant of summary judgment as to plaintiff's Title VII claim on the basis that plaintiff suffered no adverse employment action where he failed to submit evidence that he was "fired, reassigned, denied promotion, suffered a change in benefits, or disciplined"); *Banks,* 320 F.3d at 575; *Watts v. Kroger Co.,* 170 F.3d 505, 510 (5th Cir. 1999); *Burger v. Cent. Apartment Mgmt., Inc.,* 168 F.3d 875, 878 (5th Cir. 1999). "An employer's action does not rise to the level of an 'adverse employment action' when it fails to have more than 'mere tangential effect on a possible future ultimate employment decision.'" *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 519 (5th Cir. 2001) (quoting *Walker v. Thompson*, 214 F.3d 615, 629 (5th Cir. 2000)), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 126 S. Ct. 2405, 165 L. Ed. 2d 345 (2006). "[E]mployment actions are not adverse where pay, benefits, and level of responsibility remain the same." *Watts*, 170 F.3d at 512.

The Fifth Circuit has consistently declined to find that a denial of training can constitute an adverse employment action. *See Hollimon v. Potter*, 365 F. App'x 546, 549 (5th Cir. 2010) ("[A] refusal to train is not an adverse employment action under Title VII.") (citing *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999)); *Roberson v. Game Stop/Babbage's*, 152

F. App'x 356, 361 (5th Cir. 2005) (finding no adverse employment action where plaintiff was denied training on a computer system); *Shackelford*, 190 F.3d at 406 (finding no adverse employment action where plaintiff was denied access to training on specialized software).

Since Fifth Circuit precedent clearly establishes that an employer's failure to provide training does not constitute an adverse employment action in the context of Title VII, it is no surprise that an employer's decision to not pay or provide reimbursement for training is also not actionable. *See Fyfe v. City of Fort Wayne*, 241 F.3d 597, 602 (5th Cir. 2001) (finding that denial of plaintiff's request for reimbursement of travel expenses to attend training was not an adverse employment action); *Benningfield v. City of Houston*, 157 F.3d 369, 376-77 (5th Cir. 1998) (holding that an employer's failure to reimburse travel expenses was an "administrative matter" and not an adverse employment action). In light of this precedent, as well as Dr. Harrison's failure to support her position with any supporting authority, the Court finds that Dr. Harrison's claims do not implicate an adverse employment action.

Consequently, Dr. Harrison's claims for sexual and racial discrimination are dismissed with prejudice. This Court has already found that Dr. Harrison's claim for retaliation is dismissed for failure to exhaust her administrative remedies. Since this Court finds that there was no adverse employment action, Dr. Harrison's claim of retaliation is also dismissed with prejudice.

IT IS THEREFORE, ORDERED AND ADJUDGED, that Defendant's Motion [8] for Partial Dismissal of the Retaliation claim is GRANTED.

IT IS FURTHER ORDERED that the Motion [20] for Judgment on the Pleadings is GRANTED.   Plaintiff's claims against Brookhaven School District[4] are DISMISSED WITH PREJUDICE.

SO ORDERED AND ADJUDGED this the 15th of September, 2021.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE

---

[4] The claims are only dismissed as to Defendant Brookhaven School District.  The Court notes that while the City of Brookhaven is named in the Complaint, it has not been served; nor has a summons for this entity been issued.  The Court will enter a separate show cause order as to why this party should not be dismissed for failure to serve or failure to prosecute.